IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

CASE NO.

JWR CONSTRUCTION SERVICES, INC.,
a Florida corporation,

    Plaintiff,

v.

AMERISURE INSURANCE COMPANY,
a foreign corporation; and AMERISURE MUTUAL
INSURANCE COMPANY, a foreign corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JWR CONSTRUCTION SERVICES, INC., (hereinafter "JWR"), by and through the undersigned counsel, brings this action against Defendants, AMERISURE INSURANCE COMPANY, (hereinafter "AMERISURE"), and AMERISURE MUTUAL INSURANCE COMPANY, (hereinafter "AMERISURE MUTUAL").  JWR seeks a declaratory judgment that Defendants are obligated to defend and indemnify JWR for losses arising from claims and suits against JWR for the construction of a condominium building allegedly containing defective Chinese-manufactured drywall.

## PARTIES

1.    JWR is a Florida Corporation with its principal place of business in Broward County, Florida.

2. AMERISURE is a Michigan corporation with its principal place of business in Michigan. AMERISURE is authorized to conduct business in the state of Florida and has issued insurance policies in the state of Florida, including to entities located in the Southern District of Florida.

3. AMERISURE MUTUAL is a Michigan corporation with its principal place of business in Michigan. AMERISURE MUTUAL is authorized to conduct business in the state of Florida and has issued insurance policies in the state of Florida, including to entities located in the Southern District of Florida.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and the parties are incorporated in different states.

5. Pursuant to 28 U.S.C. §1391, venue is proper in Broward County, Florida as it is where events giving rise to the claims occurred.

## GENERAL FACTS

6. JWR was involved in constructing a condominium project called Gulf Reflection Condominium located in Lee County, Florida ("Project"). Construction of the Project was completed by July of 2007.

7. This action arises from alleged property damage and/or bodily injury allegedly occurring as a result of the use of Chinese drywall in the Project and ultimately sold to various homeowners (hereinafter "Claimants") which are members of Gulf Reflection Condominium Association in Lee County, Florida.

8. Claimants have filed and requested class action status in *Gulf Reflections Condominium Association et al v. JWR Construction Service, Inc., in Lee County, Case No. 10-CA-00037*. The Claimants allege damages including, but not limited to, emission of gaseous sulfur compounds causing increased rates of corrosion of soft metal materials throughout the condominium (such as air conditioning coils, refrigerator tubing, and electrical wires); tarnishing of metals within the condominium; damage to their personal property within their condominium; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and noxious odors.

9. The insurance policies that cover the losses arising from the claims consist of liability insurance policies sold to JWR, a named insured.

10. AMERISURE issued JWR a commercial liability policy which included completed operations coverage, namely, GL 2008965090009 (Exhibit "A").

11. AMERISURE MUTUAL also issued JWR an excess liability policy, namely, CU 138650307 (Exhibit "B").

**Notice and Failure to Provide Coverage**

12. JWR timely provided notice under said policies.

13. JWR has satisfied all conditions precedent and obligations under the policies; alternatively, any further efforts to satisfy conditions precedent would be futile.

14. JWR has paid substantial sums for the policies, constituting all premiums due thereunder.

15. Defendants have either, denied coverage, repudiated their obligation to provide a defense, or otherwise failed to timely acknowledge their coverage and defense obligations by

asserting a pollution exclusion but failing to acknowledge exceptions to said exclusion. To wit, policies provide defense and coverage for "[b]odily injury" or "[p]roperty damage" sustained within a building and caused by the "release of gases, fumes or vapors from material brought into the building in connection with operations being performed by you (JWR)" or on its behalf by a subcontractor. Denial letters are attached as Composite Exhibit "C".

## COUNT I – DECLARATORY JUDGMENT

16. JWR realleges and incorporates by reference Paragraphs 1 through 15 above, as if fully set forth herein.

17. Under the terms of the policies, Defendants are obligated to defend and indemnify JWR in connection with the underlying claims.

18. JWR has demanded that Defendants perform their contractual obligations under the policies, but they have repudiated their contractual obligations.

19. A justiciable controversy exists as to the insurance coverage the policies provide.

20. Accordingly, pursuant 28 U.S.C. §2201, JWR is entitled to a judgment declaring that Defendants are obligated to defend and indemnify JWR in connection with the underlying claims.

## COUNT II – BREACH OF CONTRACT

21. JWR realleges and incorporates by reference Paragraphs 1 through 15 above, as if fully set forth herein.

22. Defendants breached the policies by failing to acknowledge coverage for the underlying claims and by failing to defend JWR in the Chinese drywall litigation.

23. As a result, JWR has suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

JWR hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JWR CONSTRUCTION SERVICES, INC., demands:

a) Judgment in the Plaintiff's favor on Count I, declaring that Defendants are obligated to defend and indemnify JWR in connection with the underlying claims;

b) Judgment in the Plaintiff's favor on Count II, awarding the Plaintiff damages in an amount to be determined at trial;

c) Pre-and post-judgment interest;

d) Attorney's fees pursuant to Chapter 627, Florida Statutes;

e) Costs; and

f) Any and all such further relief as this Court deems just and proper.

DATED:  June 22, 2010

Respectfully submitted,

LAW OFFICES OF MICHAEL J. YATES, P.L.
Attorneys for Plaintiff
Sunset Station Plaza, Suite 602
5975 Sunset Drive
Miami, Florida 33143
Telephone:   (305) 666-8100
Facsimile:    (305) 666-8106
Email:          myates@mjylaw.com

By:   ____/s/ Michael J. Yates_____
       MICHAEL J. YATES, ESQ.
       Florida Bar No.: 0932205